HILL, Senior Circuit Judge,
concurring:
The facts of this case illustrate the near impossibility of codifying that which ought to be left to judicial discretion. The Executive, charged with seeing to the faithful execution of the law, has concluded that Orozco ought to have the benefit of his cooperation. He had fully, and promptly, cooperated, but the government only belatedly appreciated the value of his cooperation. The Executive’s opponent, Orozco, obviously feels that he should have this benefit. The district judge that heard the original case as well as this petition would grant the relief. As I take it (footnote 13), we, also, would grant it.
But the draftsman of this rule, trying to anticipate future situations, succeeded in anticipating all except the one that obtains.[1] So, Orozco, entitled to release under the views of all interested parties, remains in penal servitude and all that we can do is suggest that the Congress, .in its own good time, attempt by further codification to see that it does not happen to someone else. We ought to do better than this.

. The product of this rule is like unto the estate planning attorney who has diligently prepared a will with so many provisos that it anticipates every conceivable situation except the one actually existing at his client’s death.